UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>SHU ANZAI,<br><br>　　　　　Defendant. | Case No. 5:25-CR-00002-CDB<br><br>ORDER DIRECTING COUNSEL FOR DEFENDANT TO REMIT $350.00 TO THE CLERK OF THE COURT TO REMIBURSE THE COST OF INTERPRETER SERVICES<br><br>(Docs. 13, 14)<br><br>**10-Day Deadline** |

**Relevant Background**

On March 15, 2025, Defendant Shu Anzai was cited on Edwards Air Force Base for violation of 18 U.S.C. § 1382, which prohibits any person from "go[ing] upon any military[] … installation[] for any purpose prohibited by law or lawful regulation." (Doc. 1). Defendant first appeared before the Court, through retained counsel (Mr. John Underwood) on June 3, 2025, and was advised of his rights, the pending charge, and the maximum penalty upon conviction (*i.e.*, six months imprisonment, a $5,000 fine, and a $10 mandatory special assessment). (Doc. 3). Because the Court had been informed prior to the initial appearance that Defendant required the services of a Japanese interpreter, a court-certified linguist fluent in the Japanese language also appeared and assisted Defendant. At the conclusion of the initial appearance, Defendant was ordered to appear for status conference on August 5, 2025. *Id.*

The following day (June 4, 2025), counsel for Defendant filed a waiver of Defendant's appearance pursuant to Rule 43, Federal Rules of Criminal Procedure, and proposed order thereon. (Doc. 6). On June 5, 2025, the Court granted Defendant's waiver of appearance and excused him from appearing at all future proceedings with certain identified exceptions, including "until ordered to appear." (Doc. 7).

On June 27, 2025, the government filed a superseding information charging Defendant with violation of 18 U.S.C. § 795, which prohibits any person from taking a photograph of a "vital military installation." (Doc. 9). Because an arraignment on superseding charges ordinarily warrants an in-person appearance and because the superseded charge against Defendant is a Class A misdemeanor implicating higher maximum penalties than those for which he was advised on the original charge, on July 9, 2025 (the "July 9 order"), the Court directed Defendant to appear at the August 5 status conference in-person. (Doc. 11). In its order, the Court expressly acknowledged that "[t]he Court's prior grant of Defendant's request for waiver of appearance pursuant to Fed. R. Crim. P. 43 [citation omitted] shall not excuse Defendant from appearing in-person for the arraignment."

On August 5, 2025, the Court convened for the previously noticed status conference. (Doc. 13). Counsel for the government, counsel for Defendant, and a Japanese linguist appeared; however, Defendant did not appear. Because Defendant failed to appear, the Court ordered Defendant's counsel to show cause in writing why sanctions should not be imposed for Defendant's failure to comply with a court order and appear for arraignment. *Id.*

Pending before the Court is the response by counsel for Defendant to the Court's show cause order. (Doc. 14).[1]

**Discussion**

In his declaration and response to the Court's order to show cause, counsel for Defendant generally attests that, "due to administrative failures," the Court's July 9 order directing counsel

---

[1] Counsel for Defendant misfiled his show cause response in the since-terminated petty offense case (Case No. 5:25-po-00103-CDB) on August 7, 2025. The undersigned's courtroom deputy re-filed the same document in this action on August 11, 2025. (Doc. 14).

and Defendant to appear in-person for anticipated arraignment on superseding information "was overlooked in Counsel's office." (Doc. 14 at 2). While counsel acknowledges receiving the CM/ECF notice of the July 9 order directing in-person appearance, he attests to not reading the order due to his erroneous assumption that the order did not require further action, and also, because he had other administrative duties to attend to and lacked sufficient administrative support. *Id.* at 3. Counsel for Defendant also attests that the order "remained unreviewed" partly because his support staff did not conduct a complete audit of the emails. *Id.* Counsel for Defendant attests to having taken remedial actions within his office, including by setting a weekly task "to review PACER for any updates where the emailed notifications may have been overlooked." *Id.* at 4.

The Court finds that counsel for Defendant has failed to reasonably justify his failure to either arrange for Defendant's in-person appearance at the duly noticed August 5 hearing or to timely seek to continue the hearing in light of Defendant's reported unavailability.

While counsel for Defendant appears to indicate his staff may be partly responsible for his failure to abide by the July 9 order and for Defendant's failure to appear, Rule 5.3 of the California Rules of Professional Conduct provides "[w]ith respect to a nonlawyer employed or retained by or associated with a lawyer," "a lawyer having direct supervisory authority over the nonlawyer, whether or not an employee of the same law firm, shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer" and "shall be responsible for conduct of such a person[.]" Cal. Rules Prof. Conduct 5.3(b) & (c). As such, under the circumstances, staff negligence or carelessness does not excuse counsel for Defendant's failure to abide by the July 9 order and for Defendant's failure to appear. *See* Cal. Rules Prof. Conduct 5.3(c) ("[A] lawyer shall be responsible for the conduct [of his nonlawyer employee] ... if: (1) the lawyer orders or, with knowledge of the relevant facts and of the specific conduct, ratifies the conduct involved[.]").

Counsel for Defendant's other explanations for failing and neglecting to read and abide by the Court's July 9 order are unconvincing. A party's unjustified failure to timely notify the staff court interpreters of a cancelled or rescheduled hearing may result in sanctions, including an order to pay the cost of interpreter services. *See* Local Rule 403. Here, counsel for Defendant's failure

to either arrange for Defendant's in-person appearance at the duly noticed August 5 hearing or to timely seek to continue the hearing in light of Defendant's reported unavailability resulted in the Court's incurrence of a $350.00 fee for a Japanese linguist who did, in fact, appear for the scheduled arraignment. Accordingly, the Court will direct counsel for Defendant to remit $350.00 to the Clerk of the Court. *See* Local Rule 403.

### **Conclusion and Order**

For the foregoing reasons, it is HEREBY ORDERED that counsel for Defendant, John David Underwood, shall pay the Clerk of the Court $350.00 within ten (10) days of entry of this order, with the sum to be paid personally, and not to be transmitted to his client by way of a charge of attorney's fees and/or costs.

And it is FURTHER ORDERED that counsel for Defendant shall file in this action a notice of payment within three (3) days following tender to the Clerk of the Court of $350.00.

Failure to timely comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **August 11, 2025**                                       _____
                                                                                    UNITED STATES MAGISTRATE JUDGE